# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:10-cv-00189-RJC-DCK

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **ORDER** |
| J & T BODY SHOP, INC., | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Default Judgment, (Doc. No. 9).

## I. BACKGROUND

Plaintiff filed its Complaint on April 21, 2010, asserting claims for, inter alia, trademark infringement under 15 U.S.C. §§ 1114(1)-(2), 1125(a), (c), N.C. Gen. Stat. § 75-1.1(a) and North Carolina common law. (Doc. No. 1). Plaintiff has registered more than one hundred of its trademarks with the United States Patent and Trademark Office. (Id. at 11). Defendant uses one or more of Plaintiff's trademarks in connection with its automobile repair and body shop business and has used these marks in commerce without Plaintiff's authorization. (Id. at 17-18; 23). Defendant was served with the Complaint and Summons on April 23, 2010. (Doc. No. 5). Defendant did not respond to the Complaint in accordance with Federal Rule of Civil Procedure 12. Plaintiff subsequently filed for entry of default on June 17, 2010. (Doc. No. 6). Default was entered on June 17, 2010. (Doc. No. 7). Plaintiff filed the instant Motion for Entry of Default Judgment on March 24, 2011. (Doc. No. 9). Although Plaintiff sought injunctive relief and

damages in its Complaint, (Doc. No. 1 at 10-11), it seeks only injunctive relief in its Motion for Entry of Default Judgment. (Doc. No. 11 at 7) ("AAA's Motion for Entry of Judgment by Default is limited to the requested entry of injunction as prayed for in its Complaint.").

## II.   DISCUSSION

"In order to obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Cameron v. MTD Prods., Inc., No. 5:03-cv-75, 2004 WL 3256003, at *2 (N.D. W. Va. Jan. 7, 2004); accord Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Rule 55(a) states that the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After the clerk enters default, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought. Rule 55(b) "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

Defendant was properly served with process, (Doc. No. 5), but has not appeared in this case. Defendant is not a minor, incompetent person, or current member of the military service. (Doc. No. 1 at 3). Plaintiff sought and obtained entry of default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. Nos. 6: Motion for Entry of Default; 8: Clerk's Entry of Default; 10: Declaration in Support of Motion for Entry of Default Judgment). The well-pleaded allegations of facts and liability of the Complaint are taken as true upon the entry of default. FED. R. CIV. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Defendant has defaulted on

Plaintiff's claims for trademark infringement under 15 U.S.C. §§ 1114(1)-(2), 1125(a), and 1125(c), N.C. Gen. Stat. § 75-1.1(a) and North Carolina common law. 15 U.S.C. § 1116 provides for an injunction as one remedy for such violations.

After considering the briefs submitted in connection with Plaintiff's motions along with the well-pleaded allegations in Plaintiff's Complaint, the Court grants Plaintiff's Motion for Entry of Default Judgment and enters the requested permanent injunction. See (Doc. 1 at 10).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Entry of Default Judgment, (Doc. No. 9), is **GRANTED**; and

2. A permanent injunction is **ENTERED** requiring:

    (a) Defendant, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with it immediately and permanently to cease and desist from all use of the AAA Marks, as that term is defined in the Complaint, (Doc. No. 1 at 2), or of any combination of the letters "A," in any form or manner that resembles, suggests, or intimates that Defendant is approved or endorsed by, or otherwise affiliated with, AAA;

    (b) Defendant, pursuant to section 36 of the Lanham Act, 15 U.S.C. § 1118 (2006), to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, and other items in its possession or control that contain the AAA Marks or any term, symbol, or logo confusingly similar to those marks; and to destroy any and all means in its possession or control of making any of those infringing items;

    (c) Defendant to have deleted or removed from publication any advertisements paid for or used by it containing any of the AAA Marks and any other name, mark, or logo confusingly similar to them; and

    (d) Defendant to permanently delete and destroy all electronic content, including all websites, domain names, and other electronic materials displaying the AAA Marks and any other name, mark, or logo confusingly similar to them.

Signed: October 31, 2011

Robert J. Conrad, Jr.
Chief United States District Judge